Chief Justice Robertson,
delivered the opinion of the court.
Peter Nave brought an action of debt* in the name of the commonwealth, for his benefit, against William N. Potts, and others, as sureties, in his official bond as sheriff, and averred, as a breach of the bond, that the deputy of Potts failed and refused to sell property, on which he had levied a fieri facias, in favor of Nave, against Fletcher, although a jury, em-pannelled- to tryjhe right of property, had disagreed and found no verdict; by which refusal to sell, the benefit of the levy was lost.
The appellants pleaded covenants performed, on which issue was taken. They also, filed four additional pleas. The second, fourth and fifth pleas, were in substance and effect, the same, to-wit: that the property on which the execution had been levied, was not subject to it, because the legal right thereto, was not in Fletch *203 er. Demurrers to these pleas were sustained, and property.
An“tear a ieVy,’ refuse to and incur ¡“i/tyVT'be-fore the,day of sale>he.has that'cie^rop-ertyisnotlia-Meto the ex-eoutlon‘
Sed lon JmT empan-*¡7 property,have founitit sub-e^e0„°ion?
Plea, “that ^fanotLrTad beendelivered to detivery^of plaintiff’s, and had been property, and was in fqrce, ed'afteHdie'" trial of the right of prop-on demurrCT^ ur ‘
*203 After the jury had disagreed, it was the duty of the officer, to* expose the property to sale. We could not deny, that an o fficer, after a levy and before the sale, may refuse tosellwithoutincurringresponsibilityto the credit- or, provided, in the meantime, he shall have ascertained, thatthe property is not liable'to the execution. If, in such a case, he should sell the property, he would violate his official duty, and commit a trespass on the rights of the owner of the property. By the levy simply, he has not passed the “locus penitential” Though, if he were sued by the creditor, for not selling, policy would exact from him very clear and satisfactory proof.
But after a jury has decided, that the property is subject to the execuiton, or which is the same thing in effect, has disagreed, the officer is not allowed to exercise any discretion. The act of 1803, (II Dig. 1047,) declares imperatively, that the officer shall sell the property, when the claimant shall fail to establish his right' to it, by the verdict of a jury empannelled to try the right; and to stimulate him to the performance of this injoined duty, it exempts him from the liability, for the act of selling. The law considered the disagreement of the jury, as evidence, prima facie, that the property is subject to sale, under the execution; and, therefore, so far as the officer or his duty may be affected by the result of the inquisition, failing to find any verdict, is rendered equivalent to finding, that the property is liable.
It is, therefore, in such case, the duty of the officer, ' to offer the property for sale; if he fail, or refuse to do so, he is guilty of a breach of his official bond, which cannot be healed by proof, however conclusive, that the property was not subject to the execution. This seems to be an obvious effect of the act of 1803; and with this construction of it, former decisions of this court clearly accord; see Dickey vs. Evans, II Littell’s reports, 130; and Vance vs. Mitchell, V Monroe, 529.
The third plea averred, that a fere facias, in favor of J. Fry vs. Fletcher, had been delivered to the deputy, prior to the delivery of Nave’s, and had been leviedjbe-fore it, on the same property, and was in force and un *204 satisfied after the trial of the right of property. A demurrer was sustained to this plea also, and we think, rightly. The plea does not state what disposition had been made of Fry’s execution; nor that the property was not more than sufficient to satisfy it. If the officer bad s0^ the property, and the proceeds had been insufficient to satisfy Fry’s execution, he would notbe liable to Nave. Butifthe propertyhadsoldfor a sumexceeding the amount of Fry’s execution, the remainder should have been applied to Nave’s execution, unless there were others entitled to priority, or to distribution. If *be °®cer did not sell the property at all,he will notbe allowed to justify his delinquency, by pleading or proving, that if he had sold it, Nave would not have been benefitted. He cannot bar the action by any such proof, unless the fact be shown by an actual and legal sale, under a prior execution. He was bound to sell the property, and no such matter as that relied on, in the third plea, can excuse the right of official duty,
That plaintiff would not benefitted by sale, no justi-delinquency, in officer fail-ipg to sell.
Criterion of Mri^agains? officer for failure to. sell af-found'd!e!lVe property lía-hie, is “the kfointiff7*110*1 would have derived from ^ro^e'f fadbeen’sold. “That the encumbered!! or that, if it’ had been sold, other executions would have absorbed p”7t the pro™ ceeds,” is 00™Petent evi onoe‘
*204 But, although according to the pleadings, and the Proob the relator was entitled to a judgment; the circuit judge erred, in refusing to admit testimony, offered in mitigation of damages; and, therefore, the verdict is for more than it might have been, and probably ought to have been, if the rejected evidence had been admitted.
The relator had a right to recover only to the extent of the injury, which he had sustained. The proper criterion for measuring the damages,'which he sustained, in consequence of the omission of the officer, is plain and simple. It is this; “a:hat benefit would he have derived, from the sale of the property, if it had been sold?” If his execution had been for $,‘1,000, and the 01>ly property levied on, had been a cow worth not more than. ‡5, would the refusal of the sheriffi to sell the cow, have subjected him to the payment of the whole cxecution? Or if the title of some other person, was better than that of the debtor in the execution, or if the avails of the sale, (provided these had been one) would belong to other creditors, having precedent heirs, how much damage had resulted to the relator, from the omission to sell?
If, in suit on breach be assigned,plea of jKSf" “te^an^unless’defendant file a better • ^^’be^swor^ to'inquireof" damages,
Owsley, for appellants; Hewitt, for appellee.
Tbe object of the evidence offered by the appellants, and rejected by the court, was to prove:
1. That the property was encumbered by liens superior to that of Nave, and that it was insufficient to satisfy them.
2. That if it had been sold, other executions would have absorbed, or would, at least have been entitled to a distribution of its proceeds. .
This evidence was surely competent. If such facts had been clearly proved, the relator would have been entitled to but little, if any thing, more than nominal damages, because it would then have appeared, that he had sustained but little, if any injury. He complains that he was injured by the refusal of the officer, to sell the property How much loss did he sustain? This important inquiry might have been solved, by the rejected testimony. If Nave be entitled to the whole amount of his execution, merely, because the officer ■would not sell the property, every other execution creditor, whose execution had been levied on the same property, (and it seems probable, that there were several) might, pari ratione, be entitled to the whole amount of his execution. This would be a new mode of paying the debts of an insolvent debtor.
When the case shall return to the circuit court, if the appellants shall file a better plea, than that of “covenants performed,” the jury should be sworn to inquire of damages; as a special breach is assigned, the plea is inappropriate.
It is not probable that any plea, which could be sustained, would bar the action. The matter of defence, exhibited in the record, would only tend to mitigate the damages. It would not legalize the conduct of the officer, nor justify his unauthorized disregard of the imperious injunctions of the law. But it might satisfy an honest jury, that Nave had suffered little .or no injury, and, therefore, should recover but little, if any more, than nominal damages. It would, at all events, contribute to show the extent of the injury.
Judgment reversed, and cause remanded for a new trial.